Dear Mr. Johnson:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1) Whether the Alexandria City Marshal has the independent authority to amend or dismiss traffic citations which would prosecuted within the jurisdiction of the Alexandria City Court?; and
 2) Whether such amendments or dismissals would constitute malfeasance?
These questions have been addressed by previous opinions from this office. I have attached Attorney General Opinions 81-215, 84-515 and 93-313 for your review. In short, however, the disposition of traffic citations is addressed by La. R.S.32:398.2 which provides:
 § 398.2. Disposition of traffic citations; unlawful acts; records
A. Each traffic enforcement officer upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town shall deposit the original citation or a copy of such traffic citation with a court having jurisdiction over the alleged offense or with the appropriate traffic violations bureau. However, a citation for a violation of R.S. 32:80(A) shall be deposited only with a court and not with a traffic violations bureau.
B. Upon the deposit of the original citation or a copy of the traffic citation with a court having jurisdiction over the alleged offense or with the traffic violations bureau as set forth herein, the original citation or copy of such traffic citation shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with the traffic violations bureau or payment of a fine to said bureau by the person to whom such traffic citation has been issued. However, a citation or its copy alleging a violation of R.S. 32:80(A) shall be disposed of only by trial or acceptance of a plea in open court.
C. It shall be unlawful for any traffic enforcement officer or any other officer or public employee to dispose of a traffic citation or copies thereof or of the record of the issuance of the citation in a manner other than as required herein.
D. The chief administrative officer of each traffic enforcement agency in the state shall require all traffic officers under his supervision to return to him a copy of every traffic citation which was issued by the officer for the violation of a traffic law or ordinance, and in addition shall require the return of all copies of every traffic citation which has been spoiled or upon which an entry has been made without having issued the citation to the alleged violator.
E. The chief administrative officer shall also maintain or cause to be maintained in connection with every traffic citation issued by an officer under his supervision a record of the disposition of the charge by the court or its traffic violations bureau in which the original or a copy of the traffic citation was deposited.
F. Nothing herein shall be construed as prohibiting or interfering with the authority of a district attorney or other prosecuting attorney to dismiss a traffic citation or charge by entry of a nolle prosequi.
Accordingly, the Alexandria City Marshal is without authority to amend or dismiss traffic citations because all such citations "shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court.."
As to your second question regarding malfeasance, such conduct is prohibited by La. R.S. 14:134 which makes it unlawful for any public officer or any public employee to, "intentionally perform any such duty in an unlawful manner." As demonstrated above, it is unlawful for anyone to dispose of traffic citations in contravention of La. R.S. 32:398.2. Therefore, it may be malfeasance for a public official to dispose of traffic citations in an unlawful manner.
I hope that this opinion has fully answered your questions and proves helpful. If I can be of any further assistance to you, please do not hesitate to call upon me at your convenience. Until then, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ James L. Piker Assistant Attorney General
Date Received:
Date Released:
JAMES L. PIKER
ASSISTANT ATTORNEY GENERAL
 Office of the Attorney General State of Louisiana
 Opinion No. 84-515 July 17, 1984
MOTOR VEHICLES ............ 70 R.S. 32:398.2
(1) Mayor does not have authority to void traffic citations. (2) A copy of every traffic citation issued must be recorded with the state.
Honorable Louis S. Cooper, Jr. Chief of Police Town of Merryville P.O. Box 506 Merryville, Louisiana 70653